VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN BRICKER (State Bar No. 269100)
PAYMANEH PARHAMI (State Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:       greg.gilchrist@versolaw.com
             ryan.bricker@versolaw.com
             paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE 18A CHRONICLES LLC,<br><br>                    Defendant. | Case No. 2:22-cv-08353<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT, AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop The 18A Chronicles LLC, from infringing, misusing, and trading on Patagonia, Inc.'s famous trademarks and copyrights.  Less than six months after entering a settlement agreement through which Defendant agreed to stop imitating Patagonia's P-6 logo and artwork, Defendant resumed selling apparel bearing the same design that was the basis for an earlier lawsuit, replacing Patagonia's PATAGONIA trademark with Defendant's new "irregular" name and brand on the logo.  To prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

/ / /

/ / /

COMPLAINT
CASE NO. 2:22-cv-08353

- 1 -

## PARTIES, JURISDICTION, AND VENUE

1.       Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years.  Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2.       The 18A Chronicles LLC ("18A") is a Texas limited liability company with its principal place of business at 8105 S 1st St., Unit B, Austin, Texas 78748.

3.       18A offers, promotes, and sells products that infringe Patagonia's intellectual property rights through a variety of channels, including online through Shopify, a shopping service that facilitates promotion and sales of products throughout the country.

4.       Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from 18A's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

5.       This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of doing business in this district, and because – through the settlement agreement that resolved the parties' prior dispute about nearly-identical designs – Defendant agreed to be subject to personal

jurisdiction in this District, and agreed to litigate any disputes related to the agreement in this District.  Further, Defendant sells and ships its infringing products to customers in this district.  Defendant advertises and promotes its infringing products to purchasers in California and this district.  Defendant also has directed its conduct into this district, including individually targeting Patagonia, a corporation with its principal place of business in this district, by infringing its trademarks and copyrights.

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant infringes Patagonia's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Patagonia's History

7.     Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

8.     In the nearly-fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel products and equipment, including technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as sportswear, which are sold around the world.

/ / /

COMPLAINT
CASE NO. 2:22-cv-08353

9.     Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

**Patagonia's Trademarks**

10.     Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

/ / /

/ / /

COMPLAINT
CASE NO. 2:22-cv-08353

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |
| | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing - Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

/ / /

11.     The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

12.     For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used.  PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet.  In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers.  Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

13.     Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Defendant's Infringement of Patagonia's Rights and Breach of the Parties' Settlement Agreement**

14.     In blatant disregard of Patagonia's rights in the PATAGONIA trademarks, without authorization from Patagonia, and in violation of the parties' prior settlement agreement, Defendant has promoted, offered for sale, and sold products, including apparel, bearing designs and logos that imitate the P-6 logo and are nearly identical to infringing designs that Defendant explicitly agreed not to use. Defendant's new products replace Patagonia's PATAGONIA word mark with

COMPLAINT
CASE NO. 2:22-cv-08353

Defendant's "irregular" name and mark which, when rendered in Patagonia's distinctive font and stylization, is similar in appearance to Patagonia's mark. These designs and logos, and the products bearing them, are referred to as 18A's "Irregular Designs."

15. Examples of Defendant's products bearing the Irregular Designs follow, in comparison with the infringing and derivative designs that Defendant previously committed not use:

| No. | Irregular Designs | Designs Prohibited by May 2022 Agreement |
|---|---|---|
| 1 | | |
| 2 | | |

16.    The Irregular Designs are substantially similar to the P-6 logo artwork, and nearly identical to the registered P-6 logo trademark, only replacing the PATAGONIA word mark with "Irregular."  Defendant's products bearing the Irregular Designs are derivative of the P-6 logo, and compete directly with goods sold by Patagonia, including, shirts, hoodies, hats, and stickers.  It is clear that the Irregular Designs are intended to create an association with Patagonia.

17.    Defendant's use of the Irregular Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Defendant's products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with 18A.

18.    Defendant began using the Irregular Designs long after the PATAGONIA trademarks became famous.  The Irregular Designs have caused or are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendant's further use of the derivative trademark and designs.

19.    Patagonia is informed and believes that Defendant has marketed and sold substantial quantities of products bearing the Irregular Designs, and has profited and continues to profit from such sales.  There is no doubt that Defendant's conduct has been willful.  Defendant adopted a mark and logo that copies the PATAGONIA trademarks as part of its own branding.

20.    Defendant's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, Defendant will continue expanding its illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a.    Depriving Patagonia of its statutory rights to use and control use of its trademark;

COMPLAINT
CASE NO. 2:22-cv-08353                                                      - 9 -

b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c.    Causing the public falsely to associate Patagonia with Defendant and/or its products, or vice versa;

d.    Causing the public falsely to believe Patagonia has collaborated, co-branded, or is otherwise associated with 18A and/or its "Irregular"-branded products, or vice versa;

e.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

f.    Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

g.    Causing Patagonia to lose sales of its genuine PATAGONIA products.

21.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

22.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

23.    Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Irregular Designs, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

24.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C.

COMPLAINT
CASE NO. 2:22-cv-08353

§ 1114. Defendant's willfulness is displayed not only in the near identity of the infringements, but in its decision to adopt new infringements almost immediately after executing a settlement agreement through which Defendant agreed to cease use of these exact designs.

25. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

26. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Irregular Designs, and any other mark or design similar to the PATAGONIA trademarks.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

27. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28. Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

29. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

30. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Irregular Designs, and any other mark or design similar to the PATAGONIA trademarks.

/ / /

COMPLAINT
CASE NO. 2:22-cv-08353

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

31.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint.

32.    Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the copycat Irregular Designs.

33.    Defendant's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

34.    As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

35.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant to stop use of the Irregular Designs, and any other mark or design similar to the PATAGONIA trademarks.

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)

36.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.    Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendant's copying.

38.    Defendant has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or

permission and in violation of Patagonia's exclusive rights in its copyright.

39.     Defendant's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendant acted intentionally and in bad faith when it reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold products bearing the Irregular Designs.

40.     Defendant's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

41.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendant as a result of their infringement, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

42.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 41 of this Complaint.

43.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

44.     Defendant is using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Irregular Designs.

COMPLAINT
CASE NO. 2:22-cv-08353

- 13 -

45.    Defendant's infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendant's offerings.

46.    Defendant uses the infringing Irregular Designs to enhance the commercial value of its offerings.

47.    Defendant's acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq*.

48.    Defendant's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq*.

49.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Irregular Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

50.    Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

51.    Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## SIXTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

52.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 51 of this Complaint.

COMPLAINT
CASE NO. 2:22-cv-08353

53.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks (including the P-6 logo).

54.    The PATAGONIA trademarks—registered marks in the state of California—are distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and were famous prior to Defendant's adoption of the Irregular Designs.

55.    Defendant's acts are likely to dilute the distinctive quality of the PATAGONIA trademarks.  Defendant's acts therefore constitute trademark dilution under California Business & Professions Code **§** 14247, the analogous statutes of other states, and under California common law.

56.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Irregular Designs, and any other mark or design similar to the PATAGONIA trademarks.  Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

57.    Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## SEVENTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

58.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 57 of this Complaint.

59.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

60.     Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

61.     Defendant infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

62.     Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

63.     As a direct and proximate result of Defendant's activities, Patagonia has suffered substantial damage.

64.     Unless restrained and enjoined, the conduct of Defendant will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

65.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Irregular Designs, and any other mark or design similar to the PATAGONIA trademarks.

66.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to their reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

67.     Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

/ / /

/ / /

/ / /

COMPLAINT
CASE NO. 2:22-cv-08353

## EIGHTH CLAIM

## BREACH OF CONTRACT UNDER CALIFORNIA COMMON LAW

68.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 67 of this Complaint.

69.     Through the parties' settlement agreement, Defendant promised that it had stopped selling products bearing the designs that were the subject of Patagonia's earlier lawsuit, and designs that are "identical or similar to Patagonia's trademarks," in exchange for and to induce Patagonia's agreement to refrain from continuing to pursue its claims.

70.     As a result of Defendant's breach of the agreement, Patagonia has suffered damages and, in reliance of Defendant's promises, declined to seek further relief that otherwise would have stopped Defendant's ongoing infringement and dilution of Patagonia's marks, and infringement of Patagonia's copyrighted work.

71.     Patagonia is entitled to damages caused by Defendant's breach, an injunction requiring specific performance of Defendant's promises, as well as other damages due to Patagonia based on the terms of the parties' prior agreement.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.     Adjudge that the PATAGONIA trademarks have been infringed by Defendant in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that the PATAGONIA trademarks have been infringed by Defendant in violation of California statutory law;

3.     Adjudge that Patagonia's common law rights in the PATAGONIA trademarks have been infringed;

4.     Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

COMPLAINT
CASE NO. 2:22-cv-08353

- 17 -

6.    Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.    Adjudge that Defendant has infringed Patagonia's copyright rights in its P-6 design;

8.    Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Irregular Designs, or any other approximation of Patagonia's trademarks;

b.    Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products with Patagonia, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

c.    Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

d.    Further diluting the famous PATAGONIA trademarks;

e.    Otherwise competing unfairly with Patagonia in any manner;

COMPLAINT
CASE NO. 2:22-cv-08353

f.     Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

g.     Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

9.     Adjudge that Defendants have breached their contract with Patagonia;

10.    Adjudge that Defendant is prohibited from applying to register any other trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

11.    Adjudge that Defendant be required immediately to deliver to Patagonia's counsel its entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Patagonia's trademarks as alleged in this Complaint;

12.    Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

13.    Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits in an amount to be proven at trial;

14.    Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

15.    Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

16.    Adjudge that Patagonia recover from Defendant its damages based on

COMPLAINT
CASE NO. 2:22-cv-08353

Defendant's copyright infringement, or statutory damages at Patagonia's election;

17.    Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing, dilutive, and/or breaching activities;

18.    Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

19.    Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED:  November 15, 2022    Respectfully submitted,

VERSO LAW GROUP LLP


By:  */s/Ryan Bricker*
       RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

## DEMAND FOR JURY TRIAL

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  November 15, 2022     Respectfully submitted,

VERSO LAW GROUP LLP


By:   */s/Ryan Bricker*
        RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

COMPLAINT
CASE NO. 2:22-cv-08353

- 21 -