UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's Motion for Default Judgment Against The 18A Chronicles LLC [DE 22]

## I.   INTRODUCTION

On November 15, 2022, Patagonia, Inc. ("Plaintiff") filed a Complaint against The 18A Chronicles LLC ("Defendant") alleging: (1) federal trademark infringement, under 15 U.S.C. §§ 1114–1117; (2) federal unfair competition, under 15 U.S.C. § 1125(a); (3) federal dilution of famous mark, under 15 U.S.C. § 1125(c); (4) federal copyright infringement, under 17 U.S.C. §§ 101, *et seq.* and 17 U.S.C. §§ 501, *et seq.*; (5) trademark infringement and unfair competition under California law, Cal. Bus. & Prof. Code §§ 14200 *et seq.* and §§ 17200 *et seq.*; (6) trademark dilution under California law, Cal. Bus. & Prof. Code § 14247; (7) common law trademark infringement; and (8) common law breach of contract. (ECF No. 1.) Defendant never answered or otherwise appeared in this action, and the Clerk entered default against it on January 4, 2023. (ECF No. 20.)

Presently before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 22.) For the following reasons, the Court **GRANTS** the Motion.

## II.   BACKGROUND FACTS

The following facts are alleged in the Complaint:

Plaintiff is a California corporation that designs, manufactures, markets, and sells outdoor apparel and products. Defendant is a Texas limited liability company that advertises and sells apparel through a variety of online platforms.

Since at least 1973, Plaintiff has labeled its products with its logo wherein the word "patagonia" appears over the Mt. Fitz Roy skyline framed by a stormy sky (the "Subject Logo"). Plaintiff owns numerous trademark registrations under state and federal law as well as a registered copyright with the United States Copyright Office ("USCO") for the Subject Logo. The Subject Logo is reproduced below:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |



(Compl. ¶ 10, ECF No. 1.)

Plaintiff has sold products featuring the Subject Logo worldwide for nearly five decades. Plaintiff also markets its products across a variety of print and online media, and numerous retailers promote and advertise Plaintiff's brand and by extension, the Subject Logo.

In or around 2022, Plaintiff sued Defendant for selling apparel with logos substantially similar to the Subject Logo. In or around May 2022, the parties entered into a settlement agreement wherein Defendant agreed to stop selling products with the logos at issue and in exchange, Plaintiff agreed to drop the lawsuit. Examples of products with the prohibited logos (the "Patagucci Logos") are reproduced below:



(*Id.*)

Approximately six months after their settlement agreement, Defendant began selling products with logos substantially similar to the Subject Logo and identical to the Patagucci Logos, save for saying

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

"irregular" as opposed to "patagucci." Examples of products with Defendant's new logos (the "Irregular Logos") are reproduced below:



(*Id.*)

The products sold by Defendant that feature the Irregular Logos include shirts, hoodies, hats, and stickers. These products directly compete with Plaintiff's own products.

### III.    JUDICIAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(a) allows a court to enter default judgment upon entry of default by the clerk and if a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(a). An applicant may seek a clerk-ordered judgment only when the claim is for an amount that is certain or capable of being made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the applicant must apply for a court-ordered default judgment. *Id.* at 55(b)(2).

An entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). Rather, it is within the court's discretion to grant or deny a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising its discretion, the court may consider the following factors (collectively, the "*Eitel* factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | | Date | March 16, 2023 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | | |

For purposes of default judgment, all well-pleaded factual allegations from the complaint, except those relating to the amount of damages, are assumed to be true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## IV.   DISCUSSION

Plaintiff seeks default judgment against Defendant, $30,000 in statutory damages, $20,000 in liquidated damages, $3,600 in attorneys' fees, and a permanent injunction to prevent future infringement. The Court first addresses whether Plaintiff has satisfied the procedural requirements in its application for default judgment.

### A.   Procedural Requirements

Local Rule 55-1 requires the court-ordered default judgment application to include: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. L.R. 55-1.

Here, Plaintiff properly served Defendant with the Summons and Complaint, but Defendant never responded and is now in default. (*See* Pl.'s Mot. Default J., Bricker Decl. ¶ 3, ECF No. 22-2.) Plaintiff's attorney also declares that Defendant is not an infant, incompetent person, nor a person in military service. (*Id.* ¶ 2.) Finally, Plaintiff was not required to serve notice of this Motion on Defendant because Defendant never appeared in the action. *See* C.D. Cal. L.R. 55-1. Therefore, Plaintiff has satisfied Local Rule 55-1's procedural requirements. Accordingly, the Court proceeds to address whether the *Eitel* factors favor default judgment.

### B.   *Eitel* Factors

#### 1.   *Prejudice to Plaintiff*

The first factor asks whether the plaintiff will be prejudiced absent a default judgment. *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, because Defendant has not answered or otherwise responded to the Complaint, Plaintiff will have no remedy for Defendant's infringing activities without a judgment. Therefore, Plaintiff will be prejudiced if the Court does not grant default judgment. Accordingly, this factor weighs in favor of default judgment.

#### 2.   *Merits and Sufficiency of Plaintiff's Substantive Claims*

These two factors are often combined because, at bottom, they both ask whether the plaintiff has "state[d] a claim on which" it may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | | Date | March 16, 2023 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | | |

analyzing these two factors, well-pleaded allegations regarding liability are accepted as true. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff brings claims for: (1) federal trademark infringement, under 15 U.S.C. §§ 1114–1117; (2) federal unfair competition, under 15 U.S.C. § 1125(a); (3) federal dilution of famous mark, under 15 U.S.C. § 1125(c); (4) federal copyright infringement, under 17 U.S.C. §§ 101, *et seq.* and 17 U.S.C. §§ 501, *et seq.*; (5) trademark infringement and unfair competition under California law, Cal. Bus. & Prof. Code §§ 14200 *et seq.* and §§ 17200 *et seq.*; (6) trademark dilution under California law, Cal. Bus. & Prof. Code § 14247; (7) common law trademark infringement; and (8) common law breach of contract. The Court addresses the merits and sufficiency of each in turn.

> a.     *Claims 1, 2, 5, 7 - Trademark Infringement*

To prevail on a trademark infringement claim under 15 U.S.C. § 1114, Plaintiff must prove that Defendant "used in commerce a reproduction or copy of a registered trademark in connection with the sale or advertising of any goods or services, and that such use is likely to cause confusion, mistake, or deceive customers." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176; *see* 15 U.S.C. § 1114. This analysis also applies equally to claims for: (1) unfair competition under 15 U.S.C. § 1125(a); (2) unfair competition under California law; and (3) common law trademark infringement. S*ee Brookfield Comm'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999) (noting that § 1125(a) "embodie[s]" "[t]he same standard" as § 1114); *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) ("[S]tate common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."). The only difference between federal trademark infringement and trademark infringement under California law is that claims made under California law require the trademark be registered in California. *See* Cal. Bus. & Prof. Code § 14245(a) (limiting civil actions to trademarks registered in California); *Silver Textile, Inc. v. D Lux Brands, LLC*, 2014 WL 12594456, at *5 (C.D. Cal. May 12, 2014) (finding the plaintiff's state law claim for trademark infringement deficient because the plaintiff failed to allege that its trademark was registered in California).

Here, the Complaint alleges that: (1) Plaintiff owns the federal and state trademarks for the Subject Logo (Compl. ¶¶ 10, 54); (2) Defendant uses the Irregular Logos in online commerce (*Id.* ¶¶ 3, 14); and (3) Defendant's use of the Irregular Logos is likely to cause consumer confusion given the logos' remarkable similarity to the Subject Logo, Defendant's use of the logos on products that compete directly with Plaintiff's, and the online availability of Defendant's products featuring the logos (*Id.* ¶¶ 3, 15–17). Based on these allegations, Plaintiff has adequately stated a claim for federal, state, and common law trademark infringement as well as unfair competition under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

       *b.     Claims 3 and 6 - Trademark Dilution*

To state a claim for trademark dilution of a famous mark under 15 U.S.C. § 1125(c), "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1)). Claims for trademark dilution under California Business and Professions Code § 14247 are "subject to the same standards as a federal law claim." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 968 (N.D. Cal. 2019).

Here, the Complaint alleges that: (1) Plaintiff has sold products featuring the Subject Logo throughout the world since 1973 and enjoys worldwide recognition (Compl. ¶¶ 7–8, 13); (2) Defendant sells products featuring its Irregular Logos through a number of online platforms (*Id.* ¶ 3); (3) Defendant's use of the Irregular Logos began well after the Subject Logo became famous (*Id.* ¶ 18); and (4) Defendant's Irregular Logos are likely to cause dilution given their remarkable similarity to the Subject Logo and the overlap between the parties' products (*Id.* ¶¶ 10, 16). Based on these allegations, Plaintiff has adequately stated a claim for trademark dilution under federal and state law.

       *c.     Claim 4 - Copyright Infringement*

To state a claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright; and (2) copying of protected aspects of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "[A] 'striking similarity' between the works may allow an inference of copying." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017) (citation omitted).

Here, the Complaint alleges that: (1) Plaintiff owns a valid copyright in the Subject Logo (Compl. ¶ 10); and (2) the Irregular Logos copy protected aspects of the Subject Logo given their striking similarities (*Id.*). Based on these allegations, the Court finds that Plaintiff has adequately stated a claim for copyright infringement.

       *d.     Claim 8 - Breach of Contract*

The elements for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff's performance or excused nonperformance; (3) the defendant's breach; and (4) damages to the plaintiff resulting from defendant's breach. *Valenzuela v. ADT Sec. Servs., Inc.*, 820 F. Supp. 2d 1061, 1073 (C.D. Cal. 2010) (citing *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)).

Here, the Complaint alleges that: (1) per the parties' settlement agreement, Defendant agreed to stop imitating the Subject Logo and Plaintiff agreed to stop pursuing its claims related to the Patagucci

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

Logos (Compl. ¶¶ 14–15, 69); (2) Plaintiff stopped pursuing its claims (*Id.* ¶ 69); (3) approximately six months after their agreement, Defendant began selling apparel featuring the Irregular Logos, which imitate the Subject Logo (*Id.* at 1, ¶¶ 14–16); and (4) Plaintiff has suffered harm from Defendant's breach, such as lost sales (*Id.* ¶ 20). Based on these allegations, the Court finds that Plaintiff has adequately stated a claim for breach of contract.

Accordingly, because Plaintiff has sufficiently stated each of its claims, these factors also weigh in favor of default judgment.

### 3. *Amount of Money at Stake*

This *Eitel* factor "examines the amount of money at stake in relation to the seriousness of a defendant's conduct." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Plaintiff seeks $50,000 in total damages and $3,600 in attorneys' fees. As explained in the Court's analysis of the requested remedies below, the Court finds this amount reasonable in light of Defendant's conduct. Accordingly, this factor also weighs in favor of default judgment.

### 4. *Possibility of a Dispute Concerning Material Facts*

This *Eitel* factor "considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. Once default is entered, the well-pleaded allegations of a complaint are taken as true (except those pertaining to damages). *See NewGen, LLC v. Safe Cig LLC*, 840 F.3d 606, 617 (9th Cir. 2016). Here, there is little possibility of a dispute concerning material facts for three reasons. First, Defendant has not appeared and disputed any facts. Second, Plaintiff has alleged that it owns numerous trademark registrations and a registered copyright with the USCO for the Subject Logo, thereby making a dispute as to ownership and validity minimal. (Compl. ¶ 10.) And third, based on the depictions of the Subject Logo and Irregular Logos, a factual dispute is unlikely as to the similarity of the logos, and by extension, the likelihood of confusion, dilution, copying, or breach elements of Plaintiff's various claims. Accordingly, this factor also weighs in favor of default judgment.

### 5. *Whether Default Was Due to Excusable Neglect*

This *Eitel* factor "considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. There is "little possibility of excusable neglect when the defendant fails to respond after being properly served." *Star Fabrics, Inc. v. SNS Fashion, Inc.*, 2016 WL 11760189, at *3 (C.D. Cal. July 15, 2016). Here, because Defendant's default was due to its failure to respond despite being properly served, this factor also weighs in favor of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

6.      *Strong Policy Favoring Decisions on the Merits*

The final *Eitel* factor considers the strong policy favoring decisions on the merits wherever possible. *Eitel*, 782 F.2d at 1471–72. A failure to answer the Complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Because Defendant's failure to appear has rendered a decision on the merits impossible, this factor does not preclude default judgment.

In sum, the *Eitel* factors weigh strongly in favor of granting default judgment in this action. Accordingly, the Court proceeds to address the reasonableness of Plaintiff's requested remedies.

**C.      Requested Relief**

Plaintiff seeks: (1) $30,000 in statutory damages pursuant to the Copyright Act; (2) $20,000 in liquidated damages pursuant to the parties' settlement agreement; (3) $3,600 in attorneys' fees pursuant to Local Rule 55-3; and (4) a permanent injunction prohibiting Defendant from future infringement pursuant to the Lanham Act and Copyright Act. The Court addresses each of Plaintiff's requested remedies.

1.      *Statutory Damages*

Plaintiff seeks $30,000 in statutory damages pursuant to the Copyright Act. The Copyright Act allows a copyright's owner to elect to recover an award of statutory damages instead of actual damages at any time before final judgment. 17 U.S.C. § 504(c)(1). For claims of non-willful infringement, a plaintiff may recover statutory damages of not less than $750 and not more than $30,000 for "all infringements . . . with respect to any one work." *Id.* "Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement." *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (internal quotations omitted). To determine the proper amount of statutory damages, courts are guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Peer Int'l Corp. v. Pausa Rec.'s, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). The "court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Here, the Court finds Plaintiff's request for the statutory maximum of $30,000 reasonable for four reasons. First, Plaintiff cannot ascertain the exact amount of actual damages from Defendant's infringement because Defendant never appeared in the action. Second, Defendant's Irregular Logos are substantially similar to the Subject Logo. Third, the Irregular Logos are identical to Defendant's Patagucci Logos (except for the Irregular Logos saying "irregular" instead of "patagucci"), which the parties recognized were too similar to the Subject Logo and as a result prohibited them under their

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | | Date | March 16, 2023 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | | |

settlement agreement. Fourth, an award of the statutory maximum "is appropriate to signal to [Defendant] and other potential copyright violators that they cannot profit from the sale of an infringing product while ignoring the copyright owner's lawsuit seeking to prevent such infringement." *Star Fabrics*, 2016 WL 11760189, at *4. Accordingly, the Court awards Plaintiff $30,000 in statutory damages.

### 2.    *Liquidated Damages*

Plaintiff also seeks $20,000 in liquidated damages pursuant to its settlement agreement with Defendant. Pursuant to California Civil Code § 1671(b), "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Here, the liquidated damages provision is enforceable for two reasons. First, as stated above, Plaintiff has adequately shown that Defendant materially breached its settlement agreement. Second, Defendant has failed to establish that the provision was unreasonable. Accordingly, the Court awards Plaintiff $20,000 in liquidated damages.

### 3.    *Attorneys' Fees*

Plaintiff also seeks $3,600 in attorneys' fees pursuant to Local Rule 55-3. Attorneys' fees for default judgments are set forth in Local Rule 55-3. Where a plaintiff receives a judgment over $10,000 (but below $50,000), Local Rule 55-3 provides that the plaintiff is entitled to an award of $1,200, plus 6% of any amount awarded over $10,000. *See* C.D. Cal. L.R. 55-3. Here, the Court is awarding Plaintiff $50,000 in total damages ($30,000 in statutory damages and $20,000 in liquidated damages). Therefore, Plaintiff is entitled to $1,200 in attorneys' fees for the first $10,000 in damages and $2,400 for the remaining $40,000 (*i.e.*, 6% of $40,000). Accordingly, the Court awards Plaintiff $3,600 in attorneys' fees.

### 4.    *Permanent Injunction*

Plaintiff also seeks a permanent injunction prohibiting Defendant from future infringement of Plaintiff's Subject Logo pursuant to the Lanham Act and Copyright Act. Both the Lanham Act and Copyright Act explicitly permit injunctive relief. *See* 15 U.S.C. § 1116(a); 17 U.S.C. § 502(a). For injunctive relief, a plaintiff must establish: (1) it suffered irreparable injury; (2) other remedies, such as monetary damages "are inadequate to compensate" the plaintiff for the injury; (3) an injunction is warranted after considering the "balance of hardships between the plaintiff and the defendant"; and (4) "the public interest would not be disserved by a permanent injunction." *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

        *a.*      *Irreparable Injury*

"The likelihood of future infringement generally leads to a finding of irreparable harm, 'given the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use* [a protected work] against the [rightsholder's] wishes.'" *China Cent. Television v. Create New Tech. (HK) Ltd.*, 2015 WL 12732432, at *20 (C.D. Cal. Dec. 7, 2015) (emphasis and alterations in original) (quoting *eBay*, 547 U.S. at 395 (Roberts, C.J., concurring)). Additionally, a defendant's absence from a litigation provides courts with no assurance as to whether the defendant's infringing activity will cease. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003).

Here, Plaintiff has alleged that it has suffered irreparable harm to its goodwill and reputation. Plaintiff has also established that it will continue to suffer irreparable harm absent injunctive relief given Defendant's history of infringement and by extension, the high likelihood of future infringement. Moreover, Defendant continues to market and sell products featuring its Irregular Logos. Furthermore, Defendant's total absence in this litigation provides the Court with no assurance that its infringing activity will stop. Accordingly, this factor weighs in favor of injunctive relief.

        *b.*      *Inadequacy of Alternative Remedies*

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). Here, Plaintiff has established the inadequacy of alternative remedies given that Defendant continues to infringe despite previously being sued for virtually identical infringing logos and agreeing to stop imitating the Subject Logo in their settlement agreement. Accordingly, this factor also weighs in favor of injunctive relief.

        *c.*      *Balance of Hardships*

When a defendant is aware of the serious claims brought against him, yet chooses to ignore the lawsuit, "failure to grant the injunction would needlessly expose the [p]laintiff to the risk of continuing irreparable harm." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003). Where an injunction will only ban the defendant from continued infringement and the plaintiff risks continued loss of profits and goodwill, the balance of hardships will generally weigh in the plaintiff's favor. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012).

Here, absent a permanent injunction, Plaintiff will be exposed to continued loss of irreparable harm to its goodwill. On the other hand, such an injunction would not impose undue hardship on Defendant because the injunction would only prohibit Defendant from continuing to infringe. Accordingly, this factor also weighs in favor of granting an injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

        *d.*     *Public Interest*

    "The public has an interest in avoiding confusion between two companies' products." *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009). Here, the Court finds that an injunction will serve the public's interest in avoiding confusion given the similarity between the two logos and the overlap in products sold by the parties. Therefore, this factor also weighs in favor of injunctive relief. Accordingly, the Court will enter a permanent injunction enjoining Defendant from further infringing Plaintiff's copyright and trademarks in the Subject Logo.

**V.**     **CONCLUSION**

    For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion.

    Plaintiff shall have until seven (7) days from the issuance of this Order to file a proposed final judgment and permanent injunction consistent with this Order.

    **IT IS SO ORDERED.**

                                              :

                        Initials of Preparer                 JRE/sf