## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | May 22, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        **(IN CHAMBERS) Order Re: Plaintiff's Motion for Contempt [DE 31]**

## I.     INTRODUCTION

On November 15, 2022, Patagonia, Inc. ("Plaintiff") filed a Complaint against The 18A Chronicles LLC ("Defendant") alleging several claims for trademark infringement, copyright infringement, and breach of contract. (ECF No. 1.)

On March 16, 2023, the Court entered default judgment in favor of Plaintiff against Defendant. (ECF No. 26.) On March 22, 2023, the Court issued a Final Judgment and Permanent Injunction (the "Injunction") ordering Defendant to pay $53,500 and prohibiting Defendant, its principals, and its successors from further unauthorized use of marks that infringed on Plaintiff's copyrights and trademarks. (ECF No. 28.)

Presently before the Court is Plaintiff's Motion for Contempt against Defendant, Vance Gonzales ("Gonzales"), and Irregular IP LLC ("Irregular IP"). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

### A.     Defendant's Infringement

In its order granting default judgment, the Court found the following:

Plaintiff is a California corporation that designs, manufactures, markets, and sells outdoor apparel and products. Defendant is a Texas limited liability company that advertises and sells apparel through a variety of online platforms.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | May 22, 2023 |
|---|---|---|---|
| Title | ***Patagonia, Inc. v. The 18A Chronicles LLC*** | | |

Since at least 1973, Plaintiff has labeled its products with its logo wherein the word "patagonia" appears over the Mt. Fitz Roy skyline framed by a stormy sky (the "Subject Logo"). Plaintiff owns numerous trademark registrations under state and federal law as well as a registered copyright with the United States Copyright Office ("USCO") for the Subject Logo. The Subject Logo is reproduced below:



(Compl. ¶ 10, ECF No. 1.)

Plaintiff has sold products featuring the Subject Logo worldwide for nearly five decades. Plaintiff also markets its products across a variety of print and online media, and numerous retailers promote and advertise Plaintiff's brand and by extension, the Subject Logo.

In or around 2022, Plaintiff sued Defendant for selling apparel with logos substantially similar to the Subject Logo. In or around May 2022, the parties entered into a settlement agreement wherein Defendant agreed to stop selling products with the logos at issue and in exchange, Plaintiff agreed to drop the lawsuit. Examples of products with the prohibited logos (the "Patagucci Logos") are reproduced below:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | Date | May 22, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

(*Id.*) Approximately six months after executing the settlement agreement, Defendant began selling products with logos substantially similar to the Subject Logo and identical to the Patagucci Logos, save for saying "irregular" as opposed to "patagucci." Examples of products with Defendant's new logos (the "Irregular Logos") are reproduced below:



(*Id.*) The products sold by Defendant that feature the Irregular Logos include shirts, hoodies, hats, and stickers. These products directly compete with Plaintiff's own products.

Defendant did not file an answer or otherwise appear in this action. The Court accordingly entered default judgment in favor of Plaintiff and issued the Injunction enjoining Defendant, its principals, and successors from using the Irregular Logos or any other marks that infringe on Plaintiff's copyrights and trademarks in the Subject Logo.

**B.      Defendant's Continued Infringement**

In the instant Motion for Contempt, Plaintiff alleges the following:

Gonzales is Defendant's sole owner and principal. Three days after Plaintiff filed the Complaint against Defendant, on November 18, 2022, Gonzales created Irregular IP. (Bricker Decl., Ex. C, ECF No. 31-5.) Defendant then rebranded its website from The 18A Chronicles LLC to Irregular IP LLC, seemingly in an attempt to obfuscate ownership of the website. (*See* Bricker Decl. Exs. F–G, ECF Nos. 31-9–10.) However, at least as of March 28, 2023, the website's terms of service still states that "[t]his website is operated by The 18A Chronicles." (Bricker Decl., Ex. F.) Similarly, the website's refund

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | | Date | May 22, 2023 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | | |

policy directs customers to contact the18achronicles@gmail.com. (Bricker Decl., Ex. G.) Further, payments are processed by Defendant. (Bricker Decl., Ex. H, ECF No. 31-11.)

On March 27, 2023, shortly after the Court issued its Final Judgment, Irregular IP filed a lawsuit against Plaintiff in the Western District of Texas (the "Texas Action"), seeking a declaratory judgment that the Irregular Logos do not infringe the Subject Logo, in an apparent attempt to re-litigate the claims decided by this Court. (*See* Bricker Decl., Ex. A, ECF No. 31-3.) In its complaint, Irregular IP admitted that it was aware of the Court's judgment against Defendant, arguing that the judgment was made against the wrong party because Irregular IP is the true creator and owner of the Irregular Logos, despite the fact that Irregular IP was created after Defendant began selling apparel with the Irregular Logos. (*Id.* ¶¶ 17–19.) As of March 30, 2023, Defendant, Gonzales, and Irregular IP still sell products with the Irregular Logos in violation of the Injunction. (Bricker Decl. ¶¶ 10–12.) Given Irregular IP's decision to file the Texas Action, it appears that Defendant, Gonzales, and Irregular IP intend to continue selling the infringing products.

### III.    JUDICIAL STANDARD

Federal Rule of Civil Procedure 70 provides that a court may hold a party in contempt if it fails to perform any specific acts required by a judgment. Fed. R. Civ. P. 70. There are two types of contempt penalties that can be ordered: civil or criminal. "Whether the contempt is civil or criminal depends on the intended effect of the penalty imposed." *United States v. Laurins*, 857 F.2d 529, 534 (9th Cir. 1988) (citing *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 631–33 (1988)). Civil contempt is intended to be remedial, while criminal contempt is punitive. *Id.*

Civil contempt "consists of a party's disobedience to a specific and definite court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Civil contempt sanctions are employed for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). Generally, the minimum sanction necessary to obtain compliance is to be imposed. *See Spallone v. United States*, 493 U.S. 265, 280 (1990). Unlike the punitive nature of criminal sanctions, civil sanctions are wholly remedial. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

### IV.    DISCUSSION

Plaintiff moves the Court to find Defendant, Gonzales, and Irregular IP in contempt for violating the Injunction and seeks sanctions by way of the Court: (1) ordering Defendant, Gonzales, and Irregular IP to surrender all infringing products for recycling; (2) imposing $2,000 per diem fines for each day of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | | Date | May 22, 2023 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | | |

their non-compliance; and (3) awarding Plaintiff attorneys' fees. The Court first addresses whether Defendant, Gonzales, and Irregular IP are in contempt.

### A.   Contempt

To establish a prima facie case for civil contempt, the moving party must show, by clear and convincing evidence, that the non-moving party disobeyed a specific and definite court order, and that such disobedience was (1) beyond substantial compliance, and (2) not based on a good faith and reasonable interpretation of the court's order. *Dual-Deck Video*, 10 F.3d at 695. Once the Court finds a prima facie case of civil contempt, the burden shifts to the alleged contemnor to demonstrate an inability to comply. *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). To do so, the accused party must demonstrate that it took all reasonable steps to comply but was unable. *Id.* at 856. When determining whether the non-moving party has met its burden, the Court may consider evidence, including the party's history of noncompliance. *Id.* at 857.

####   1.   *Defendant*

As described above, the Injunction prohibited Defendant, its principals, and its successors from using the Irregular Logos or any other marks that infringe Plaintiff's copyrights and trademarks in the Subject Logo. As of March 30, 2023, Defendant continues to sell apparel using the Irregular Logos on their website. Although the website was rebranded to appear as if owned and operated by Irregular IP, it is still managed by Defendant as confirmed by the website's terms of service, refund policy, and payment processing. (Bricker Decl., Exs. F–H.)  These acts constitute disobedience of the Injunction. And given the unambiguous command that Defendant shall not use the Irregular Logos, such disobedience does not appear to be based on a good faith and reasonable interpretation of the Injunction. Thus, Plaintiff has established by clear and convincing evidence a prima facie case for civil contempt by Defendant.

Because Plaintiff has made a sufficient showing, the burden shifts to Defendant to demonstrate an inability to comply. Defendant unsurprisingly failed to oppose the instant Motion, however. "The failure to file [an opposition] may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. Accordingly, the Court deems Defendant's failure to oppose as not only a failure to meet its burden, but also as consent to a finding of contempt, and therefore finds Defendant in contempt.

####   2.   *Gonzales and Irregular IP*

Gonzales and Irregular IP are not parties to this suit. Notwithstanding, a court may find a non-party in contempt of a court order if the non-party had notice of the order and either "abet[ted] the defendant [in violating the court's order] or [is] legally identified with him." *Peterson v. Highland*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08353-RGK-E | Date | May 22, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

*Music Inc.*, 140 F.3d 1313, 1323–24 (9th Cir. 1998) (quoting *NLRB v. Sequoia Dist. Council of Carpenters*, 568 F.2d 628, 633 (9th Cir. 1977)).

Irregular IP, and by extension, Gonzales as its sole owner and principal, admit in the Texas Action that they had notice of the Injunction. (Bricker Decl., Ex. A ¶¶ 17–19.) Further, Gonzales and Irregular IP both abetted Defendant in violating the Injunction. Gonzales, the owner and principal of Defendant, created Irregular IP. (Bricker Decl., Ex. C.) Defendant and Irregular IP jointly operate a website that continues to sell apparel using the Irregular Logos, in direct violation of the Injunction. (Bricker Decl., Exs. F–H.) This conduct shows that Gonzales and Irregular IP "flagrantly and deliberately aided and abetted" Defendant in violating the terms of the Injunction. *See Peterson*, 140 F.3d at 1324. Defendant does not oppose this finding, and it does not appear that Defendant, Irregular IP, or Gonzales could credibly dispute this finding. Accordingly, the Court finds Gonzales and Irregular IP in contempt for abetting Defendant.

### B.      Requested Relief

Having found Defendant, Gonzales, and Irregular IP in contempt, the Court now addresses each of Plaintiff's requested sanctions in turn.

#### 1.      *Recycling*

Plaintiff requests that the Court order Defendant, Gonzales, and Irregular IP to surrender all infringing products in their possession to Plaintiff for recycling. Such a remedy is authorized by the Lanham Act for acts of trademark infringement. 15 U.S.C. § 1118 ("[T]he court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing [an infringing mark], . . . shall be delivered up and destroyed.") Courts may order such a remedy as a contempt sanction to the extent that "[t]he destruction of infringing goods clearly prevents future illegal conduct." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 519 (9th Cir. 1992).

Here, an order requiring Defendant, Gonzales, and Irregular IP to surrender infringing products for recycling appears necessary to prevent future illegal conduct. As discussed above, Defendant, Gonzales, and Irregular IP have continued to infringe despite the Injunction. Further, as evidenced by the Texas Action, the trio clearly intends to continue infringing into the foreseeable future.

Accordingly, the Court **GRANTS** Plaintiff's request for sanctions, and hereby orders Defendant, Gonzales, and Irregular IP to surrender all infringing products in their possession to Plaintiff for recycling and submit a sworn declaration stating their compliance with the Injunction.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08353-RGK-E | | Date | May 22, 2023 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | | |

2. <u>*Per Diem Fines*</u>

Plaintiff also requests that the Court impose $2,000 per diem fines against Defendant, Gonzales, and Irregular IP until they surrender the infringing goods for recycling and provide a sworn declaration stating their compliance with the Injunction, with the fines to begin accruing after a 14-day grace period. Courts have the authority to issue such coercive fines, provided that the amount and duration of fines be made in consideration of "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* at 516 (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).

Here, per diem fines are justified. Defendant, Gonzales, and Irregular IP's continued violation of the Injunction is knowing and intentional, as shown by Irregular IP's awareness of the Injunction and decision to initiate the Texas Action in an attempt to end run the Injunction. (Bricker Decl., Ex. A ¶¶ 17–19.) Additionally, the harm threatened by Defendant, Gonzales, and Irregular IP's conduct is significant for several reasons. First, the trio profits substantially from the continued use of the Irregular Logos, as Defendant previously admitted that the near-identical Patagucci Logos "generated approximately $43,000.00 in revenue" over the course of a year. (Bricker Decl., Ex. B, Recitals ¶ F, ECF No. 31-4.) Second, the continued infringement harms Plaintiff's reputation. (Order Re: Default J. at 5–6.) Third, the continued infringement harms the public by causing confusion in the marketplace. (*Id.*) In light of this significant harm, $2,000 per diem fines are reasonable. *See, e.g., Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039 ($10,000 per diem fine for continued trademark infringement); *Whittaker*, 953 F.2d at 512–16 (same). Further, $2,000 per diem fines are likely to spur compliance considering the amount of revenue brought by the infringing products when compared to the requested fines.

It is unclear, however, whether Plaintiff intends for these fines to be imposed individually or jointly and severally. Given that Defendant, Gonzales, and Irregular IP are closely related and continue to sell the infringing products through a shared website, the Court finds it most appropriate to impose fines jointly and severally between them.

Accordingly, the Court **GRANTS** Plaintiff's request for sanctions and imposes $2,000 per diem fines on Defendant, Gonzales, and Irregular IP. Fines shall begin to accrue 14 days after the issuance of this Order, unless and until Defendant, Gonzales, and Irregular IP surrender the infringing products to Plaintiff for recycling and submit a sworn declaration stating their compliance with the Injunction.

Any fines accrued shall be payable to the Court. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Payments shall be paid by certified check or money order made payable to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08353-RGK-E | Date | May 22, 2023 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. The 18A Chronicles LLC* | | |

"Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may direct in the future.

### 3.      *Attorneys' Fees*

Finally, Plaintiff requests attorneys' fees incurred in connection with bringing the instant Motion. When a party is in contempt, the court has authority to impose fines and make other orders necessary to obtain conformity with the disobeyed order, as well as to award reasonable attorneys' fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

Here, the Court has found Defendant in contempt, thus Plaintiff may be entitled to an award of fees. Plaintiff has not yet submitted documentation of fees, however. Plaintiff may seek an award of reasonable attorneys' fees reasonably incurred in connection with this Motion by filing an appropriate motion with adequate documentation.

### V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. Defendant, Gonzales, and Irregular IP are found in contempt and are hereby ordered to surrender all infringing products in their possession to Plaintiff for recycling and submit a sworn declaration stating their compliance with the Injunction. The Court further imposes $2,000 per diem fines upon Defendant, Gonzales, and Irregular IP. Fines shall begin to accrue fourteen (14) days after the issuance of this Order, unless and until Defendant, Gonzales, and Irregular IP comply with the terms set forth above. Any such fines shall be paid to the Court in the manner specified above. Additionally, Plaintiff is further directed to submit any request for attorneys' fees with detailed billing records for the Court's consideration within fourteen (14) days from the issuance of this Order.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer |  | JRE/sf |