FILED

MAY 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATAGONIA, INC., | No.    23-55514 |
| Plaintiff-Appellee, | D.C. No. 2:22-cv-08353-RGK-E |
| v. | |
| THE 18A CHRONICLES, LLC, | MEMORANDUM* |
| Defendant, | |
| and | |
| VANCE GONZALES, | |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 12, 2024
Pasadena, California

Before:  BERZON and MENDOZA, Circuit Judges, and LIBURDI,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Vance Gonzales appeals from the district court's order finding him and Irregular IP, LLC ("Irregular") in civil contempt. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Patagonia, Inc. ("Patagonia") obtained a default judgment and permanent injunction against the 18A Chronicles, LLC ("18A") for violating the parties' settlement agreement in a prior lawsuit. Later, the district court found that 18A, along with non-parties Mr. Gonzales and Irregular, violated the permanent injunction and held them in civil contempt. Mr. Gonzales now argues that he and Irregular were denied their Fifth Amendment due process rights because the district court did not hold a hearing.

We review whether the district court violated a party's due process rights de novo. *Thomas, Head & Greisen Emps. Tr. v. Buster*, 95 F.3d 1449, 1458 (9th Cir. 1996).

Due process does not guarantee a hearing before a court imposes civil contempt sanctions. *See id.* at 1458–59. Instead, "[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). We have "repeatedly held . . . that finding a party in civil contempt without a full-blown evidentiary hearing does not deny due process of law to a contemnor." *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999)

2

(collecting cases). Civil contempt sanctions require fewer procedural protections because these "sanctions are viewed as nonpunitive and avoidable." *Id.* (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)). Civil contempt may be imposed "upon notice and an opportunity to be heard." *Id.*

Mr. Gonzales and Irregular received notice of the motion for civil contempt on April 21, 2023, with a hearing date of May 22, 2023. Although the motion for contempt named only 18A as a party in violation of the district court's judgment and injunction, the Memorandum of Points and Authorities supporting Patagonia's motion clearly requested the district court find 18A, Irregular, and Mr. Gonzales in contempt. These documents were served upon 18A, Mr. Gonzales, a principal of 18A, and Irregular, a successor to 18A. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998) ("To be held liable in contempt, it is necessary that a non-party respondent must either abet the defendant in violating the court's order or be legally identified with him . . . and that the non-party have notice of the order." (cleaned up)); *see also* Complaint at 3–4, *Irregular IP LLC v. Patagonia*, No. A-23-CV-00333-ADA, 2024 WL 103210 (W.D. Tex. Jan. 8, 2024) (Texas action in which Mr. Gonzales and Irregular attest to notice of the judgement and injunction order against 18A.).

Mr. Gonzales and Irregular did not respond to the motion for contempt. The district court vacated the hearing after the deadline to file a response to the motion

3

passed. C.D. Cal. L.R. 7-9 (requiring opposing papers to this type of motion be filed no later than twenty-one days before the designated hearing date). The local rules allow the district court to consider a party's failure to file a response within the deadline as consent to granting a motion. C.D. Cal. L.R. 7-12. Therefore, the district court's actions did not constitute a denial of due process as both parties were afforded an opportunity to be heard. *See Thomas, Head & Greisen Emps. Tr.*, 95 F.3d at 1457–59 (affirming district court's civil contempt order, reasoning that the defendants had notice and opportunity to be heard even though defendants did not properly respond).

**AFFIRMED.**